■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN A. MISHKIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered January 16, 1986, convicting him of grand larceny in the second degree (five counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the record discloses that the elements of each count of grand larceny in the second degree were proven beyond a reasonable doubt. The defendant's larcenous intent was proven by the manner in which he handled the assets of two trusts and two estates for which he was responsible. Specifically, without authority from, or knowledge of, any of the beneficiaries, he took trust and estate assets entrusted to him and transferred them to certain investment companies which he controlled and from which he derived substantial personal financial support through salary payment, expense reimbursement and loans. In so doing he purposefully withheld those funds from their beneficiaries, the rightful owners, for such extended periods as to both deprive those owners of the major portion of the economic benefit of the funds and to acquire that economic benefit for himself *(see,* Penal Law § 155.00 [4]; § 155.05 [1]). His failure to distribute the trust and estate assets for months, and, in some instances, years, his avoidance of the beneficiaries and their questions and demands, his outright lies, and the apparently predated promissory notes from the investment companies which he unearthed only when his transactions were inexorably coming to light, constitute only some of the evidence supporting the conclusion that in appropriating the funds to, albeit indirectly, benefit himself, his intention was not to return the funds. The possibility that he may have hoped to be able to replace the funds at some later date does not suffice to avoid a finding of larcenous intent. The case of *People v Jennings* (69 NY2d 103) on which the defendant relies is inapposite; although the defendants there made use of another party's funds for a short period to benefit themselves, they never intended to do so in such a way as would deprive the true owner of its proper use and enjoyment of those funds, as is true in the present case.

We also reject the contention that the defendant's taking of the property was not unlawful in light of his fiduciary function and the voluntary manner in which funds were turned

over to him. The statute refers to the wrongful taking *or withholding* of property *(see,* Penal Law § 155.05). Nor do we accept his contention that he had a right of ownership equal to that of the trust or estate beneficiaries *(see,* EPTL 7-1.1, 7-1.2).

In response to the contention that in reaching its verdict the court allowed itself to be influenced by its outrage at the defendant's professional misconduct, we find nothing in the record to rebut the presumption that the court was able to distinguish proper evidence from improper considerations *(see, People v Reyes,* 116 AD2d 602, 603, *lv denied* 67 NY2d 949).

Finally, we decline to modify the sentence imposed. Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.