■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP PATTERSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bourgeois, J.), rendered October 11, 1985, convicting him of rob-

bery in the first degree, robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court permitted the victim to testify regarding a prior robbery committed by the defendant which she witnessed provided she referred to the robbery only as an "incident". The defendant contends that the testimony constituted inadmissible evidence of an uncharged crime (see, People v Molineux, 168 NY 264). We disagree. As the trial court ruled, the testimony was relevant to the issue of identification and did not reveal the nature of the incident witnessed. Furthermore, the term could not be redacted without changing the meaning of the testimony (cf., People v Crandall, 67 NY2d 111).

The defendant also contends that the prosecutor improperly impeached the key alibi witness with his purported failure to come forward (see, People v Dawson, 50 NY2d 311). The defendant has failed to properly preserve this claim for appellate review. In any event, the claim is without merit. Defense counsel first raised the issue by eliciting from the witness that he was unaware of the date of the alleged robbery until a representative from the District Attorney's office spoke to him and that he then informed the representative that the defendant was at a party with the witness that night. On cross-examination the witness testified that this conversation took place in the summer of 1985, and denied having received a letter about the case from the prosecutor in March of 1985. At that point the court held a bench conference and prohibited further questioning, but permitted defense counsel to establish on redirect examination that in October of 1984 she instructed the witness not to come forward. Furthermore, the defendant failed to request an instruction that the witness was under no duty to come forward (see, People v Dawson, supra, at 322). Under these circumstances we cannot conclude that the prosecutor's questioning denied the defendant a fair trial.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.