■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERENCE BLAKE, Also Known as TERENCE BLAKES, Also Known as TERRANCE BLAKE, Also Known as TRENCE BLAKE, Appellant.—

Three women decided to have their picture taken by a street photographer in Times Square. After negotiating a price of $4, defendant took the photograph. Defendant demanded $5 and the women decided they would not take the

photograph or pay since they had agreed on $4. After the women walked away, defendant followed, punched one of the women, and stole her necklace. Her friends called the police and defendant was arrested. At trial, another photographer, Timothy Thompson, who was with defendant during the incident, testified for the defense.

Defendant asserts that he was denied a fair trial by the prosecutor's cross-examination of Thompson and by his summation attack on Thompson's credibility. Defendant specifically contends that the prosecutor failed to lay a proper foundation as required by *People v Dawson* (50 NY2d 311). However, on this record it is demonstrated that the foundational facts required by *People v Dawson (supra)* were fully established by Thompson's testimony on both direct and cross-examination. Accordingly, the prosecutor's use of this information in summation was nothing more than fair comment on the witness's own testimony. *(People v Ashwal,* 39 NY2d 105, 110-111.)

Defendant's additional claims regarding the prosecutor's summation are unpreserved as a matter of law and we decline to reach them. (CPL 470.05 [2].) If we did consider them in the interest of justice, we would nonetheless find them to be groundless. The prosecutor's summation involved fair comment on the evidence and proper responses to the defense's summation. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.