■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v PABLO MENESES, Also Known as PABLO MENESSES, Respondent-Appellant. [601 NYS2d 827] —Appeal by the People from an order of the Supreme Court, Queens County (Chetta, J.), dated July 31, 1989, which, upon the defendant's motion to set aside the verdict on the ground of legally insufficient evidence, granted that motion to the extent of reducing the defendant's conviction of assault in the first degree to assault in the second degree, and separate appeal by the defendant from a judgment of the same court, rendered September 15, 1989, convicting him, upon a jury verdict, and upon the order dated July 31, 1989, of assault in the second degree.

Ordered that the order is reversed, on the law, the motion is denied, and the jury verdict is reinstated; and it is further,

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of assault in the second degree and the sentence imposed thereon; as so modified, the judgment is affirmed; the findings of fact implicit in the jury's verdict are affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for the imposition of sentence with respect to the defendant's conviction of assault in the first degree.

On September 6, 1987, the defendant fired two shots into his son's face. After a jury trial, the defendant was convicted of assault in the first degree. The Supreme Court concluded that the evidence was not legally sufficient to establish assault in the first degree, but found that the evidence established the lesser-included offense of assault in the second degree. On appeal, the People claim that the son did sustain "serious physical injury" within the meaning of Penal Law § 120.10 (1). We agree. The testimony of the victim and a physician established that the gun wounds to the victim's face resulted in an overnight hospital stay, blurry vision for over one year, temporary paralysis, hemorrhaging, stitches, and facial scars. This evidence was legally sufficient to support a finding of protracted impairment of health pursuant to the definition of "serious physical injury" under Penal Law § 10.00 (10) (see, *People v Kern*, 75 NY2d 638, *cert denied* 498 US 824; *People v Brown*, 184 AD2d 856; *People v Blunt*, 176 AD2d 741; *People v Sutter*, 162 AD2d 644).

The defendant's contentions are either unpreserved for appellate review or without merit. Sullivan, J. P, Lawrence, Eiber and Ritter, JJ., concur.