■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRAIG WHITFIED, Also Known as GRAIG WHITFIELD, Also Known as CRAIG WHITFIELD, Appellant. [714 NYS2d 61] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered December 10, 1998, convicting defendant, after a jury trial, of attempted assault in the first degree (three counts), reckless endangerment in the first degree and criminal possession of a weapon in the second degree, and resentencing him to three consecutive terms of 3 to 6 years to be served concurrently with concurrent terms of 2⅓ to 7 years and 7½ to 15 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility and identification.

Defendant, who originally received an aggregate sentence of 7 to 21 years, which was illegal in that the minimum term was required to be one-half the maximum, was properly resentenced to an aggregate sentence of 9 to 18 years. Defendant argues that any unnecessary increase in the sentence, including the minimum term, would violate double jeopardy principles, so that the court was obligated to correct the illegality by imposing a sentence no greater than 7 to 14 years. We reject this argument because defendant had no legitimate expectation of finality in the original illegal sentence, and the corrected sentence fell within the range initially imposed by the court (*see, People v DeValle*, 94 NY2d 870; *People v Williams*, 87 NY2d 1014). Defendant's expectation of finality is further undermined by the fact that the resentencing took place less than one year after the original sentencing, which was within the time available to the People to move for vacatur pursuant to CPL 440.40 (*compare, Williams v Travis*, 143 F3d 98 [denying habeas corpus relief to same defendant as in *People v Williams, supra*], *with Stewart v Scully*, 925 F2d 58; *see also, People v Melendez*, 254 AD2d 74, *lv denied* 93 NY2d 855). We perceive no abuse of sentencing discretion. Concur—Tom, J. P., Mazzarelli, Lerner, Rubin and Friedman, JJ.