■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT HILL, Appellant. [723 NYS2d 58] —Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Bruno, J.), rendered January 22, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as matter of discretion in the interest of justice, and a new trial is ordered.

The Supreme Court's instruction to the jury that the People were not required to establish the elements of the crime "beyond all reasonable doubt" was error (*see, People v Simon,* 224 AD2d 458; *People v Blackshear,* 112 AD2d 1044; *People v Ginsberg,* 274 App Div 1007). Therefore, the defendant is entitled to a new trial.

The Supreme Court also erred in directing the defense counsel to disclose a prior inconsistent statement of a prosecution witness before any testimony was presented at trial. The disclosure was not authorized by CPL article 240 (*see, People v Colavito,* 87 NY2d 423; *Matter of Pittari v Pirro,* 258 AD2d 202, 207; *Matter of Pirro v LaCava,* 230 AD2d 909, 910), and the People were not entitled to the statement until after the defense counsel used it to impeach that witness on cross-examination (*see, People v Barbera,* 220 AD2d 601; *People v Gladden,* 72 AD2d 568). As a new trial has been ordered, the Supreme Court is directed to fashion an appropriate remedy to minimize the prejudice resulting from the premature disclosure of the statement.

The defendant's remaining contention is without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur. [Recalled and vacated by order entered July 2, 2001.]