■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL NIEVES, Appellant. [723 NYS2d 642] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered January 27, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

In light of defendant's defense that he was merely a drug purchaser who refused to sell his drugs to the undercover officers, defendant's testimony as to his background and prior record, though literally true, prejudiced the People by creating the misleading impression that he had never sold drugs. This justified the court's modification of its *Sandoval* ruling to the extent of permitting inquiry of defendant as to the nature of his prior convictions (*see, People v Fardan*, 82 NY2d 638, 646; *People v Clark*, 272 AD2d 197, *lv denied* 95 NY2d 851). Although the court erred when it further permitted the prosecutor to elicit from defendant the fact that his prior sale convictions all arose in the same locale as the present incident, the error was harmless in light of the overwhelming evidence of defendant's guilt.

The trial court properly denied defendant's motion for a severance, made on the ground that the evidence against his codefendant would taint the jury's consideration of the evidence against him (*see,* CPL 200.40 [1]). Defendant's remaining argument in favor of severance, along with his challenges to the People's summation and the court's charge, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J. P., Mazzarelli, Ellerin, Saxe and Buckley, JJ.