■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT HILL, Appellant. [727 NYS2d 892] —Motion by the appellant, in effect, for reargument of an appeal from a judgment of the Supreme Court, Kings County, rendered January 22, 1997, which was determined by decision and order of this Court dated March 26, 2001.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument the decision and order of this Court dated March 26, 2001 (*see,* 281 AD2d 641), in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bruno, J.), rendered January 22, 1997, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to resubmit any appropriate charges to another Grand Jury (*see, People v Beslanovics,* 57 NY2d 726); and it is further,

Ordered that upon service upon him of a copy of this decision and order, with notice of entry, the official having custody of the defendant's person is directed to produce him, forthwith, before the Supreme Court, Kings County, at which time that court shall issue a securing order pursuant to CPL 470.45, either releasing the defendant on his own recognizance or fixing bail or committing him to the custody of the New York City Department of Correctional Services pending resubmission of the case to the Grand Jury and the Grand Jury's disposition thereof (*cf.,* CPL 210.45 [9]). Such securing order shall remain in effect until the first to occur of any of the following: (a) a statement to the court by the People that they do not intend to resubmit the case to a Grand Jury, (b) arraignment of the defendant upon an indictment filed as a result of resubmission of the case to a Grand Jury, (c) the filing with the court of a Grand Jury dismissal of the case following resubmission thereof, or (d) the expiration of a period of 45 days from the date of this decision and order, provided that such period may, for good cause shown, be extended by the Supreme Court, Kings County, to a designated subsequent date if such be necessary to accord the People a reasonable opportunity to resubmit the case to a Grand Jury.

The Supreme Court's instruction to the jury that the People were not required to establish the elements of the crime "beyond all reasonable doubt" was error (*see, People v Simon,* 224 AD2d 458; *People v Blackshear,* 112 AD2d 1044; *People v Ginsberg,* 274 App Div 1007). Therefore, the defendant is entitled to a new trial.

The Supreme Court also erred in directing the defense counsel to disclose a prior inconsistent statement of a prosecution witness before any testimony was presented at trial. The disclosure was not authorized by CPL article 240 (*see, People v Colavito,* 87 NY2d 423; *Matter of Pittari v Pirro,* 258 AD2d 202, 207; *Matter of Pirro v LaCava,* 230 AD2d 909, 910), and the People were not entitled to the statement until after the defense counsel used it to impeach that witness on cross-examination (*see, People v Barbera,* 220 AD2d 601; *People v Gladden,* 72 AD2d 568). As a new trial has been ordered, the Supreme Court is directed to fashion an appropriate remedy to minimize the prejudice resulting from the premature disclosure of the statement.

The defendant's remaining contention is without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.