■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE MONTALVO, Appellant. [728 NYS2d 448] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered March 6, 1998, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 6 years, unanimously affirmed.

There was no impropriety in the prosecutor's use of defendant's prior inconsistent statement, in the form of his omission of critical facts in his Grand Jury testimony, to impeach his trial testimony (*compare, People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905). Defendant was asked at the Grand Jury about the facts preceding his stabbing of the victim, and he described them in detail. Since it was most unnatural to omit crucial allegations from that testimony relating to the justification defense he raised at trial, the fact of that omission before the Grand Jury is itself admissible for purposes of impeachment (*People v Savage,* 50 NY2d 673, *cert denied* 449 US 1016; *People v Skinner,* 277 AD2d 27). As the *Bornholdt* rationale notes, "human experience recogniz[es] that unless asked directly about a matter a person may quite normally omit it from a narrative description" (*People v Bornholdt, supra* at 89), but that rationale has only limited applicability to the testimony of a defendant before the Grand Jury, where the defendant is afforded an opportunity to attempt to forestall indictment by presenting any relevant and competent exculpatory information that may be available (CPL 190.50 [5] [b]), not limited to facts that the examining Assistant District Attorney chooses to elicit. Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.