■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAWAN GREEN, Appellant. [750 NYS2d 594] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered May 24, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility. Any discrepancies in the undercover officer's description of defendant's height and in the officer's recollection of whether there was an insignia on the back of defendant's jacket were properly considered by the jury, and the record supports the jury's determination that defendant was properly identified.

The court properly exercised its discretion in precluding defendant from impeaching the undercover officer regarding the omission from her grand jury testimony of any mention of a third participant in the sale. This participant had pleaded guilty prior to the grand jury presentation, which only concerned defendant and one other participant; accordingly, the undercover officer was not asked a single question about the third person at the grand jury, and had no reason to volunteer such information. Therefore, there was nothing unnatural about the omission, and there was no basis for impeachment (*see People v Bornholdt*, 33 NY2d 75, 88, *cert denied sub nom. Victory v New York*, 416 US 905; *compare People v Montalvo*, 285 AD2d 384, *lv denied* 96 NY2d 941).

The court responded meaningfully to the jury's request for a readback of very specific testimony, since the court provided the precise testimony requested and was not required to go beyond the request (*see People v Almodovar*, 62 NY2d 126, 131-132). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.