■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PABLO MENESES, Respondent. [756 NYS2d 497] —Appeal by the People (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Chetta, J.), dated October 26, 2000, as granted that branch of the defendant's motion which was to impose a sentence of five years' probation, and (2) from an amended judgment of the same court, rendered December 21, 2000, which, upon sua sponte reducing the defendant's conviction from assault in the first degree to assault in the second degree, imposed a sentence of five years' probation, upon remittitur from this Court (*see People v Meneses,* 195 AD2d 527 [1993]).

Ordered that the order is reversed insofar as appealed from, on the law, and that branch of the defendant's motion which was to impose a sentence of five years' probation is denied; and it is further,

Ordered that the amended judgment is modified, on the law, by vacating the defendant's conviction of assault in the second degree and the sentence imposed thereon, and reinstating his conviction of assault in the first degree; as so modified, the amended judgment is affirmed; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County, for the imposition of a sentence with respect to the defendant's conviction of assault in the first degree in accordance with the decision and order of this Court dated July 12, 1993 (*see People v Meneses, supra*).

The defendant was convicted of assault in the first degree. However, the Supreme Court granted his motion to set aside the verdict to the extent of reducing the conviction to assault in the second degree, and imposed a sentence of five years' probation. On the People's prior appeal from the order granting the motion, this Court vacated the defendant's conviction of assault in the second degree and the sentence imposed thereon, reinstated the defendant's conviction of assault in the first degree, and remitted the matter to the Supreme Court, Queens County for resentencing (*see People v Meneses, supra*). This was not done. Accordingly, the matter is remitted again to the Supreme Court, Queens County, so that this Court's decision and order may be given effect.

Contrary to the defendant's contention, he did not develop a legitimate expectation of finality in the sentence on the convic-

tion of assault in the second degree (*see United States v DiFrancesco,* 449 US 117, 139 [1980]). The People appealed the Supreme Court's reduction of his conviction of assault in the first degree to assault in the second degree, and there is "no expectation of finality * * * until [an] appeal is concluded" (*United States v DiFrancesco, supra* at 136; *see United States v Foumai,* 910 F2d 617 [1990]; *People v Whitfied,* 276 AD2d 365 [2000]). Accordingly, it does not violate the Double Jeopardy Clauses of the Federal and State Constitutions for the defendant to be sentenced on his conviction of assault in the first degree (*see United States v DiFrancesco, supra*). Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.