THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TREVERS JACKSON, Appellant. [846 NYS2d 126]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered June 18, 2004, convicting defendant, after a jury trial, of enterprise corruption, conspiracy in the fourth degree, burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the second degree, and two counts of perjury in the first degree, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

The court properly modified its *Sandoval* ruling to permit the

People to inquire about three prior burglaries committed by defendant, when defendant's testimony misleadingly implied that he was a naive novice at the time a codefendant had propositioned him to be a lookout in a burglary that the prosecutor had inquired into under the original *Sandoval* ruling (*see People v Salvadon*, 11 AD3d 334 [2004], *lv denied* 4 NY3d 767 [2005]; *People v Nieves*, 282 AD2d 342 [2001]). In any event, were we to find that the court erred by making this modification, we would find the error harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230, 240-242 [1975]).

The court properly permitted the prosecutor to impeach defendant's trial testimony by means of portions of his grand jury testimony, including significant omissions, since the circumstances were such as to raise a jury question as to whether there was an inconsistency (*see People v Bruno*, 34 AD3d 220 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Montalvo*, 285 AD2d 384 [2001], *lv denied* 96 NY2d 941 [2001]; *compare People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied sub nom. Victory v New York*, 416 US 905 [1974]). Defendant was free to argue that there was no inconsistency, and were we to find any error we would once again find it harmless.

The court properly admitted evidence that a jointly tried codefendant had threatened a witness during the trial. Such evidence was "highly probative" of that codefendant's consciousness of guilt (*People v Rosario*, 309 AD2d 537, 538 [2003], *lv denied* 1 NY3d 579 [2003]), and the court's thorough instructions were sufficient to prevent any prejudice to defendant. The court also properly denied defendant's severance motion.

We perceive no basis for reducing the sentence. Defendant's sentencing as a discretionary persistent felony offender was constitutional (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* 546 US 984 [2005]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's remaining pro se argument is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it without merit. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Kavanagh, JJ.