■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZEQUIEL FELIPE, Appellant. [887 NYS2d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered September 29, 2006, convicting him of robbery in the first degree and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the complainant's testimony that he was choked and lost consciousness for 20 to 25 minutes, that his hands, body, and neck were "very painful," following a series of punches, and that he sustained bruising and pain over his body, was sufficient to establish physical injury as defined by Penal Law § 10.00 (9) and, thus, supports the defendant's conviction of robbery in the second degree under the fourth count of the indictment (*see People v Chiddick*, 8 NY3d 445 [2007]; *People v Williams*, 46 AD3d 1115, 1117 [2007]; *People v Cannon*, 300 AD2d 407, 408 [2002]; *People v Williams*, 294 AD2d 312 [2002]). Upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on this count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly granted the People's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]; *see also Georgia v McCollum*, 505 US 42, 59 [1992]; *People v Luciano*, 10 NY3d 499, 503 [2008]; *People v Kern*, 75 NY2d 638, 653 [1990]). The trial court's determination that the proffered reason for challenging the juror in question was pretextual is entitled to great deference and is supported by the record (*see People v Clarke*, 64 AD3d 612 [2009]).

Contrary to the defendant's contention, the trial court did not err in allowing the People to question each alibi witness about her delay in coming forward with exculpatory evidence. The People laid the proper foundation (*see People v Miller*, 89 NY2d

1077, 1079 [1997]; *People v Dawson*, 50 NY2d 311, 321 [1980]; *People v Stokes*, 282 AD2d 553 [2001]), and there was no representation that the witnesses were explicitly instructed to remain silent by the defendant's attorney (*see People v Miller*, 89 NY2d at 1079; *People v Dawson*, 50 NY2d at 322).

The defendant failed to preserve for appellate review his challenges to remarks made by the prosecutor during summation, except for the one comment to which he objected (*see* CPL 470.05 [2]; *People v Bryan*, 55 AD3d 921 [2008]). With regard to the one preserved challenge, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.