*559 Judgment, Supreme Court, New York County (Carol Berk-man, J.), rendered July 19, 2007, convicting defendant, after a jury trial, of grand larceny in the third degree and criminal possession of stolen property in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 372 to 7 years, unanimously affirmed. Purported appeal from order, same court and Justice, entered on or about April 1, 2008, which denied defendant’s CPL 440.10 motion to vacate the judgment, unanimously dismissed for failure to obtain leave to appeal.
The court properly denied defendant’s CPL 190.50 motion to dismiss the indictment, in which he claimed he was deprived of his right to testify before the grand jury. The prosecutor’s uncontroverted assertions in his affirmation in opposition establish that the failure of defendant to testify was caused by counsel’s refusal to provide the prosecution with a definitive answer as to whether defendant actually intended to testify, and failure to cooperate with the prosecution in scheduling an appearance (see e.g. People v Parker, 63 AD3d 537 [2009]).
The court properly exercised its discretion when it declined to recuse itself (see People v Moreno, 70 NY2d 403, 405-406 [1987]). The record does not support the conclusion that the court acted with any bias against defendant during the plea discussions or trial. We also reject defendant’s related claim that the court should have permitted him to accept a disposition that was similar to one he had already rejected (see People v Dicks, 266 AD2d 106 [1999], lv denied 94 NY2d 947 [2000]), and there is no evidence that the court’s refusal to do so was motivated by any bias or animosity toward defendant.
Taken as a whole, the court’s charge conveyed the proper standards and properly instructed the jury that the People had the burden to prove beyond a reasonable doubt that defendant intended to permanently deprive the bank of its money at the time that he cashed a bad check (see People v Fields, 87 NY2d 821, 823 [1995]). The court’s instruction to the effect that an unrealistic hope of eventual repayment does not necessarily negate larcenous intent was appropriate in the context of the evidence and the entire charge, and it did not shift the burden of proof (see People v Mishkin, 134 AD2d 529 [1987], lv denied 71 NY2d 900 [1988]; People v Shears, 158 App Div 577, 580 [1913], *560 affd 209 NY 610 [1913]). Defendant’s related argument concerning preclusion of certain testimony is without merit because the testimony was irrelevant, and because defendant was ultimately permitted to place the same information before the jury in any event.
The court properly weighed the probative value against the prejudicial effect of permitting defendant’s parole officer to testify that defendant was on parole, and that a condition of his parole was that he was not to open any bank account without his parole officer’s permission. This was highly probative of defendant’s larcenous intent, which was a critical issue at trial, since the evidence raised the inference that when defendant opened several checking accounts without notifying his parole officer, he intended to use these accounts as part of a check-kiting scheme (see generally People v Alvino, 71 NY2d 233, 241-242 [1987]). The prejudicial effect - of this evidence was minimized by the court’s thorough limiting instruction.
Defendant opened the door to the court’s modification of its prior Sandoval ruling. That ruling had precluded the prosecutor from identifying certain convictions except to the extent of eliciting that they were theft-related. However, in response to his counsel’s question as to whether several of his prior convictions were theft-related, defendant answered affirmatively, but added that they were “all actually drug-related though.” Since defendant gave a misleading impression of his prior record that tended to minimize the extent to which it evinced dishonesty (see e.g. People v Jackson, 45 AD3d 433, 433-434 [2007], lv denied 10 NY3d 812 [2008], cert denied 555 US —, 129 S Ct 462 [2008]), the court properly permitted the prosecutor to elicit the particular crimes of which defendant had been convicted.
Defendant’s pro se claims are without merit.
Motion seeking production of minutes denied. Concur— Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.