■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE A. LINDSAY, Appellant. [16 NYS3d 566]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 15, 2010, convicting him of assault in the first degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court improperly denied his request for a transcript of his alibi witness's grand jury testimony, before the witness took the stand at trial, for the purpose of preventing the prosecutor's anticipated efforts to impeach the witness at trial through the use of that grand jury testimony. However, the defendant failed to preserve this contention for appellate review, as he did not raise that specific basis for his request in the Supreme Court (*see* CPL 470.05 [2]; *People v Ortiz*, 250 AD2d 372, 374 [1998]). In any event, the Supreme Court properly denied the defendant's request, since it was made prior to the testimony and the attempted impeachment of the alibi witness with her grand jury testimony. The defense was not entitled to the transcript until after the prosecutor used it to impeach the witness on cross-examination (*see People v Parchment*, 92 AD3d 699, 700 [2012]; *People v Gladden*, 72 AD2d 568, 569 [1979]; *see also People v Hill*, 285 AD2d 474, 475 [2001]), and the defendant did not request the transcript either during or after the cross-examination of the witness.

Contrary to the defendant's contention, the People laid a proper foundation prior to questioning his alibi witness with respect to her delay in coming forward with exculpatory evidence (*see People v Dawson*, 50 NY2d 311, 321 [1980]; *People v Joseph*, 97 AD3d 838, 839 [2012]; *People v Felipe*, 66 AD3d 919

[2009]; *People v Wright*, 62 AD3d 916 [2009]; *People v Stokes*, 282 AD2d 553, 553 [2001]), and there was no representation that she was explicitly instructed to remain silent by the defendant's previous attorney (*see People v Dawson*, 50 NY2d at 322; *People v Felipe*, 66 AD3d at 920). To the extent the defendant claims that there was no delay by the witness in coming forward, defense counsel was free to elicit testimony in support of that assertion during redirect examination of the witness (*see People v Jackson*, 45 AD3d 433, 434 [2007]; *People v Patterson*, 137 AD2d 632 [1988]).

Additionally, the Supreme Court providently exercised its discretion in permitting the impeachment of the alibi witness with her omission from her grand jury testimony of a critical fact to which she testified at trial, since it would have been unnatural to omit that fact from the exculpatory narrative she provided to the grand jury (*see People v Bruno*, 34 AD3d 220, 220 [2006]; *People v Montalvo*, 285 AD2d 384, 385 [2001]; *see also People v Greene*, 110 AD3d 827, 828-829 [2013]; *cf. People v Bornholdt*, 33 NY2d 75, 88 [1973]).

Contrary to the defendant's contention, the evidence of serious physical injury adduced at trial was legally sufficient to support his conviction of assault in the first degree. The prosecution presented the complainant's testimony and medical records describing the nature and extent of the complainant's gunshot wounds, the medical treatment he received, his lengthy and painful convalescence, and the ongoing adverse effects he suffered due to his injuries. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt by demonstrating that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00 (10) (*see People v McLawrence*, 114 AD3d 964 [2014]; *People v Moreno*, 233 AD2d 531 [1996]; *People v Wright*, 221 AD2d 577 [1995]; *People v Meneses*, 195 AD2d 527 [1993]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Mastro, J.P., Austin, Cohen and Barros, JJ., concur.