■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIGETAKA OGIHARA, Appellant. [28 NYS3d 874]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered October 28, 2014, convicting defendant, upon his plea of guilty, of grand larceny in the first degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant's challenge to his plea does not come within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375 [2015]; People v Peque, 22 NY3d 168, 183 [2013], cert denied sub nom. Thomas v New York, 574 US —, 135 S Ct 90 [2014]), and we decline to review this unpreserved claim in the interest of justice. As an alternate holding, we find no basis for reversal.

Defendant's factual allocution established all of the elements of first-degree grand larceny, and during the allocution itself defendant said nothing that negated any element, raised any defense, or cast any doubt on his guilt (see People v Toxey, 86 NY2d 725 [1995]). In the allocution, defendant, who was then an attorney (see Matter of Ogihara, 121 AD3d 47, 48 [1st Dept 2014]), expressly admitted he stole $1.8 million from a client by wrongfully transferring the money "with the intent to appropriate those funds to a third person." Defendant's assertion that he did not intend to permanently misappropriate the money is based entirely on matters that were alluded to outside the allocution, and thus did not require a sua sponte inquiry by the court (see e.g. People v Praileau, 110 AD3d 415 [1st Dept 2013], lv denied 22 NY3d 1202 [2014]). In any event, defendant's claimed defense is unavailing (see People v Argentieri, 66 AD3d 558, 559 [1st Dept 2009], lv denied 14 NY3d 769 [2010]; People v Mishkin, 134 AD2d 529 [2d Dept 1987], lv denied 71 NY2d 900 [1988]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.