■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND PILGRIM, Appellant. [44 NYS3d 445]—

Judgment, Supreme Court, Bronx County (Judith Lieb, J.), rendered February 3, 2014, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of 6½ years, unanimously affirmed.

By failing to object, by making generalized objections or an objection on a different ground from those raised on appeal, and by failing to request further relief after objections were sustained, defendant has failed to preserve (*see People v Miller*, 89 NY2d 1077, 1079 [1997]) his challenge to the prosecutor's cross-examination of a defense witness about his failure to come forward to law enforcement authorities (*see People v Dawson*, 50 NY2d 311 [1980]), and we decline to review this claim in the interest of justice. As an alternative holding, we reject it on the merits. The record as a whole, including matters elicited by defendant on direct examination, shows that the line of questioning was generally permissible under *Dawson*, and was not prejudicial. Moreover, the court precluded a substantial portion of this line of inquiry. In any event, we find any error regarding the prosecutor's cross-examination to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant similarly failed to preserve his challenges to the prosecutor's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.

The court providently exercised its discretion, and provided a meaningful response, when it asked the jury to clarify a note (*see generally People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 302 [1982], *cert denied* 459 US 847 [1982]). The jury's request, which was subject to conflicting interpretations, warranted clarification, and defendant has not demonstrated that he was prejudiced by the court's inquiry.

Defendant's claim that counsel rendered ineffective assistance by failing to request submission of a lesser included offense is unreviewable on direct appeal because it involves a matter of strategy not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find

that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that it was objectively unreasonable for counsel to fail to request submission of the lesser offense, or that there is a reasonable possibility that the request would have been led to a more favorable outcome. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.