People v Thomas (2019 NY Slip Op 00795)





People v Thomas


2019 NY Slip Op 00795


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1427 KA 15-02163

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASPAR S. THOMAS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered February 10, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (five counts). 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of five counts of robbery in the second degree (Penal Law § 160.10 [1]; [2] [a], [b]). Defendant's contention that the prosecutor improperly impeached his testimony at trial based on his pretrial silence is not preserved for our review because defense counsel failed to make a specific objection on that ground (see People v Materon, 276 AD2d 718, 719 [2d Dept 2000], lv denied 95 NY2d 966 [2000]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant further contends that the prosecutor's impeachment of other defense witnesses and his remarks in summation were improper under People v Dawson (50 NY2d 311 [1980]). Defendant's contention is not preserved for our review because he never objected during the relevant cross-examination of the defense witnesses (see People v Pilgrim, 146 AD3d 478, 479 [1st Dept 2017], lv denied 29 NY3d 1085 [2017]; People v McGee, 17 AD3d 485, 486 [2d Dept 2005], lv denied 5 NY3d 765 [2005]) or during the prosecutor's closing argument (see People v Butler, 214 AD2d 1014, 1015 [4th Dept 1995], lv denied 86 NY2d 791 [1995], reconsideration denied 89 NY2d 920 [1996]). In any event, his contention is without merit. In Dawson, the Court of Appeals held that a prosecutor may cross-examine a defense witness concerning his or her failure to come forward with exculpatory information at an earlier date provided that a proper foundation has been laid (id., 50 NY2d at 321). The prosecutor here laid the proper foundation (see People v Garner, 52 AD3d 1329, 1329-1330 [4th Dept 2008], lv denied 11 NY3d 788 [2008]; People v Floyd, 45 AD3d 1457, 1459 [4th Dept 2007], lv denied 10 NY3d 811 [2008]), and defendant does not contend otherwise. Defendant contends instead that Supreme Court erred in failing to "call a bench conference to ascertain whether the witness[es] refrained from speaking under the advice of defense counsel" (Dawson, 50 NY2d at 323). Inasmuch as defendant never requested such a bench conference, we conclude that there was no error (see People v Hall, 52 AD3d 734, 735 [2d Dept 2008], lv denied 11 NY3d 832 [2008]). Additionally, there is nothing in the record indicating that the witnesses refrained from speaking under the advice of defense counsel (see People v Felipe, 66 AD3d 919, 920 [2d Dept 2009], lv denied 14 NY3d 800 [2010]). Defendant's further contention that the prosecutor failed to act in "good faith" under Dawson is also without merit (id., 50 NY2d at 323). The prosecutor's remarks in summation were fair comment on the testimony of the witnesses (see People v Blake, 158 AD2d 348, 349 [1st Dept 1990]).
We reject defendant's contention that he was denied effective assistance of counsel based on defense counsel's failure to preserve the above contentions for our review. Viewing the [*2]evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence.
We agree with defendant, however, that the court erred in failing to determine whether he should be afforded youthful offender status (see generally People v Rudolph, 21 NY3d 497, 501 [2013]). Where, as here, the defendant has been convicted of an armed felony offense, the court is required "to determine on the record whether the defendant is an eligible youth by considering the presence or absence of the factors set forth in CPL 720.10 (3)" (People v Middlebrooks, 25 NY3d 516, 527 [2015]). If "the court determines that one or more of the CPL 720.10 (3) factors are present, and the defendant is therefore an eligible youth, the court then must determine whether . . . the eligible youth is a youthful offender' " (id. at 528). Inasmuch as the court failed to follow the procedure set forth in Middlebrooks, we hold the case, reserve decision, and remit the matter to Supreme Court to make and state for the record "a determination of whether defendant is a youthful offender" (Rudolph, 21 NY3d at 503; see People v Quinones, 129 AD3d 1699, 1700 [4th Dept 2015]).
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court