People v Turner (2019 NY Slip Op 04050)





People v Turner


2019 NY Slip Op 04050


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

109012

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JAHCI TURNER, Also Known as FATS, Appellant.

Calendar Date: March 20, 2019

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered September 6, 2016, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree, criminal possession of a weapon in the second degree (two counts), criminal mischief in the fourth degree and endangering the welfare of a child.
In 2015, defendant and another individual were involved in a fist fight outside the individual's house. After this fight, defendant left, went to a house and got a semiautomatic handgun. Defendant then returned to the individual's house. The individual's sister (hereinafter the victim), who was born in 2000, was in the kitchen and saw defendant through a kitchen window on the street. Defendant fired four shots at the house, one of which struck the window, and the victim took cover. Defendant left but returned later and threw a brick through the kitchen window.
In connection with this incident, defendant, on April 8, 2015, was charged by felony complaint with attempted murder in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the fourth degree and endangering the welfare of a child. On April 28, 2015, he was charged by indictment with attempted murder in the second degree, reckless endangerment in the first degree and endangering the welfare of a child. The People then decided to charge defendant with additional crimes and, on October 6, 2015, defendant was charged by a second indictment with two counts of criminal possession of a weapon in the second degree and criminal mischief in the fourth degree. The People also filed a trial readiness letter on October 6, 2015. The indictments were subsequently consolidated upon the People's motion and, following a jury trial, defendant was acquitted of the charge of attempted murder in the second degree but convicted of the remaining charges. At sentencing, County Court declined to grant defendant youthful offender status and sentenced him to various concurrent prison terms, [*2]the greatest of which was 15 years to be followed by five years of postrelease supervision. Defendant appeals.
Turning first to defendant's motion to dismiss the October 2015 indictment, such motion must be granted where the People are not ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony" (CPL 30.30 [1] [a]). Whether the People have fulfilled their obligations under CPL 30.30 (1) (a) is "generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion" (People v Cortes, 80 NY2d 201, 208 [1992]; see People v Dearstyne, 230 AD2d 953, 954 [1996], lvs denied 89 NY2d 921, 1034 [1996]). "A criminal action is commenced when the first accusatory instrument is filed, and includes the filing of all further accusatory instruments directly derived from the initial one" (People v Nelson, 68 AD3d 1252, 1253 [2009] [internal quotation marks and citations omitted]; see People v Bigwarfe, 128 AD3d 1170, 1171 [2015], lv denied 26 NY3d 1038 [2015]).
The record reveals that defendant was first charged by felony complaint on April 8, 2015. Taking into account that the date the felony complaint was filed is excluded (see People v Prunier, 100 AD3d 1269, 1270 [2012], lv denied 20 NY3d 1064 [2013]), the six-month statutory period for the People to declare their readiness for trial expired on October 9, 2015. Given that the People filed their trial readiness letter on October 6, 2015, there was no speedy trial violation. Furthermore, because it was possible for defendant to be arraigned within the six-month period (see id. at 1271), the fact that defendant was arraigned with respect to the October indictment on October 13, 2015 did not render the trial readiness letter illusory (see People v Goss, 87 NY2d 792, 796-797 [1996]). Defendant's assertion that the People's statement of readiness was illusory because they moved to consolidate the indictments after defendant was arraigned on the October indictment is unpreserved given that defendant did not seek to dismiss the indictment on that ground. For similar reasons, defendant's claims of postreadiness delay are likewise unpreserved, and we decline defendant's request to take corrective action in the interest of justice. Defendant's argument that the grand jury's term was impermissibly extended or that the grand jury improperly considered new matter after such extension is unpreserved for our review and, in any event, is without merit.
Defendant contends that the verdict with respect to the charge of endangering the welfare of a child was not supported by legally sufficient evidence or, in the alternative, was against the weight of the evidence because the evidence did not demonstrate that he knew that a person under the age of 17 was present in the house [FN1]. As relevant here, endangering the welfare of a child requires that the People prove that the defendant "knowingly act[ed] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (Penal Law § 260.10 [1]). Where, as here, a different result would not have been unreasonable, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]).
The record discloses that, approximately two to three hours after defendant fought the victim's brother, the victim was in the kitchen. The victim testified that she looked through a window and saw defendant across the street. The victim then heard four gunshots, one of which hit the window, and took cover behind the refrigerator. About one minute later, the victim got up and saw defendant enter a silver vehicle, which drove away. An individual who was in the silver [*3]vehicle testified that defendant got in and said that he shot at the house. A police officer who assisted in the investigation testified that, as he was on the street looking for shell casings, he had no difficulty seeing and identifying a detective in the kitchen through the kitchen window. Viewing this evidence in a neutral light, the jury could have reasonably inferred that defendant observed the victim in the kitchen when he shot at the house. Accordingly, we are satisfied that the verdict with respect to the charge of endangering the welfare of a child was supported by the weight of the evidence (see People v Warrington, 146 AD3d 1233, 1237 [2017], lv denied 29 NY3d 1038 [2017]).
We reject defendant's assertion that County Court's Molineux ruling permitting the People to offer testimony that defendant used a knife while fighting the victim's brother was erroneous. It is well settled that "evidence of uncharged crimes or prior bad acts may be admitted where they fall within the recognized Molineux exceptions — motive, intent, absence of mistake, common plan or scheme and identity — or where such proof is inextricably interwoven with the charged crimes, provides necessary background or completes a witness's narrative" (People v Smith, 157 AD3d 978, 979-980 [2018] [internal quotation marks and citations omitted], lvs denied 31 NY3d 1087 [2018]; see People v Anthony, 152 AD3d 1048, 1050-1051 [2017], lvs denied 30 NY3d 978, 981 [2017]). As County Court found, such proposed testimony was relevant on the issue of motive, intent and identity. Furthermore, the probative value outweighed any prejudice to defendant. Taking into account the court's limiting instruction given at the time of its introduction and in the final charge, we cannot say that the court erred in its Molineux ruling (see People v Palin, 158 AD3d 936, 941 [2018], lv denied 31 NY3d 1016 [2018]; People v Watson, 150 AD3d 1384, 1386 [2017], lv denied 29 NY3d 1135 [2017]; People v Womack, 143 AD3d 1171, 1174 [2016], lv denied 28 NY3d 1151 [2017]).
We disagree with defendant's contention that County Court's protective order prohibiting defendant from taking witness affidavits and grand jury testimony to the jail was an abuse of discretion. The court noted that these materials were not voluminous and previously given to defense counsel. The court provided defendant with access and time to review them and merely prohibited him from taking them to the jail with him. In view of the foregoing and considering the violent nature of the crimes and the absence of any prejudice as a consequence of the protective order, we cannot say that County Court abused its discretion in issuing the protective order (see People v Fields, 160 AD3d 1116, 1121 [2018], lvs denied 31 NY3d 1116, 1120 [2018]).
Defendant raises various criticisms of his counsel in arguing that he received ineffective assistance, but fails to articulate the absence of strategic or other legitimate explanations for counsel's alleged deficient conduct. Viewing the record as a whole and considering that defendant was acquitted of the charge of attempted murder in the second degree, we are satisfied that defendant received meaningful representation (see People v Brown, 169 AD3d 1258, 1260 [2019]; People v Smith, 157 AD3d at 982). Defendant's argument that it was improper for the People to elicit testimony regarding their inability to locate a witness for trial is unpreserved in the absence of an objection thereto (see People v Pilgrim, 146 AD3d 478, 479 [2017], lv denied 29 NY3d 1085 [2017]). Defendant's claim that County Court incorrectly limited his cross-examination of one of the People's witnesses with respect to an unrelated crime is also unpreserved (see People v Wright, 38 AD3d 1232, 1233 [2007], lv denied 9 NY3d 853 [2007]). Defendant's assertion that the court improperly curtailed voir dire is likewise unpreserved for our review (see People v Reed, 244 AD2d 782, 783 [1997], lv denied 91 NY2d 896 [1998]) and, in any event, is without merit (see People v Augustine, 235 AD2d 915, 919 [1997], appeal dismissed 89 NY2d 1072 [1997], lv denied 89 NY2d 1088 [1997]).
We are unpersuaded by defendant's argument that the sentence was harsh and excessive. "Sentencing generally rests within the discretion of the trial court" (People v Caruso, 34 AD3d 863, 865 [2006], lv denied 8 NY3d 879 [2007]), and a legally permissible sentence will not be disturbed absent an abuse of the sentencing court's discretion or extraordinary circumstances (see People v Simmons, 122 AD3d 1169, 1169 [2014], lv denied 25 NY3d 1171 [2015]). Notwithstanding defendant's age and lack of a criminal history, we discern no abuse of [*4]discretion or extraordinary circumstances warranting the modification of defendant's sentence in the interest of justice (see People v Weaver, 167 AD3d 1238, 1245 [2018], lv denied ___ NY3d ___ [Mar. 26, 2019]; People v Capers, 129 AD3d 1313, 1319 [2015], lv denied 27 NY3d 994 [2016]). Nor do we agree with defendant's claim that he was punished for exercising his right to a trial (see People v Alexander, 160 AD3d 1121, 1124 [2018], lv denied 31 NY3d 1144 [2018]; People v Serrano-Gonzalez, 146 AD3d 1013, 1017 [2017], lv denied 29 NY3d 952 [2017]). Finally, defendant's contention that County Court predetermined its decision to deny youthful offender status is unpreserved and, in any event, belied by the record. Defendant's remaining arguments have been examined and are without merit.
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant's legal sufficiency claim is unpreserved for our review because he failed to move to dismiss this specific charge at the close of the People's case-in-chief (see People v Keener, 152 AD3d 1073, 1074-1075 [2017]; People v Davenport, 58 AD3d 892, 893-894 [2009], lv denied 12 NY3d 782 [2009]).