People v Rich (2025 NY Slip Op 06918)

People v Rich

2025 NY Slip Op 06918

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Ind. No. 4524/18|Appeal No. 5339|Case No. 2020-01855|

[*1]The People of the State of New York, Respondent,
vQuaran Rich, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Isabel Patkowski of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Brent E. Yarnell of counsel), for respondent.

Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered February 5, 2020, convicting defendant, after a jury trial, of burglary in the first degree and assault in the second degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 17 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence on the burglary count to 8 years, to run concurrently with the sentences on the assault counts, for a new aggregate term of 8 years, and vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
Defendant's burglary and assault convictions were supported by legally sufficient evidence (see People v Denson, 26 NY3d 179, 188 [2015]). The People established the element of intent. Defendant broke into another inmate's cell with six other inmates, punching and kicking him in the head and leaving a shoeprint on his forehead while another inmate slashed the victim's face with a blade. The evidence showed that the attackers were gang members who believed that the victim was a member of a rival gang. Additionally, the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]; see also People v Baque, 43 NY3d 26 [2024]).
Defendant failed to preserve his claims that the victim's jail cell was not a dwelling and that the People failed to prove that he remained in the cell unlawfully because defense counsel did not move for a trial order of dismissal on those bases (see People v Hawkins, 11 NY3d 484, 492 [2008]), and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.
As this Court found on a codefendant's appeal in this case, "[t]he victim's jail cell qualified as a dwelling" and "the MDC rulebook, which was distributed to all inmates, informed them that they were prohibited from entering each other's cells" (People v Brown, 237 AD3d 620, 621 [1st Dept 2025], lv denied 44 NY3d 992 [2025]). Additionally, there was no chance that the court's instruction that the People had to prove that defendant entered and remained unlawfully inside the victim's cell misled the jury into thinking that "any illegal entry constituted a burglary" (People v Gaines, 74 NY2d 358, 363 [1989]).
Defendant failed to preserve his argument that the court should have granted his severance motion because his codefendant offered an irreconcilable defense (see People v Nieves, 282 AD2d 342 [1st Dept 2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant failed to show that the "core" of his "defense" was "in irreconcilable conflict" with his codefendant's and that there was "a significant danger, as both defenses [were] portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (People v Bowens, 216 AD3d 410, 411 [1st Dept 2023], lv denied 40 NY3d 933 [2023] [internal quotation marks omitted]). The cases were properly joined because they were based on the same evidence, and both defendant and codefendant pursued similar defenses based on arguing that the video evidence was insufficient and attacking the victim's credibility (see People v Mahboubian, 74 NY2d 174, 183 [1989]).
We conclude that the sentence should be reduced in the interest of justice to the extent indicated.
Based upon our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]). We note that the People do not oppose this relief. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025