■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX FIELDS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered February 17, 1983, convicting him of assault in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The judgment is based on an incident in which the defendant beat his three-year-old son with a belt for approximately 30 minutes.

The defendant argues that "physical injury" was not proven beyond a reasonable doubt, as required under Penal Law § 120.00 (1) for conviction of assault in the third degree. Physical injury is defined in Penal Law § 10.00 (9) as "impairment of physical condition or substantial pain." Substantial pain must be measured under a dual subjective-objective standard (*Matter of Philip A.*, 49 NY2d 198, 200). Under this standard, it can be said that a 30-minute beating of a three-year-old child with a belt, resulting in swelling, bruises, and soreness, as evidenced by the hospital records of the child's four-day hospitalization, constitutes a showing of substantial pain.

In a similar vein, the defendant also complains that the trial court improperly precluded testimony that the child's four-day hospitalization was not medically necessary. The witness involved, the head of pediatrics at the hospital to which the child was taken after the beating, was not the treating physician. He was, nevertheless, permitted to testify, at the defendant's behest, that the child's admission to the hospital was required under Social Services Law § 417 when abuse was suspected and that it was necessary to test for fractures and internal injuries. Thus, there was no error here and the defendant was able to establish the significance of the hospitalization.

The defendant next claims error in the Judge's charge. He alleges, *inter alia,* that: (1) the trial court improperly refused to charge the defense of justification with respect to the charge of endangering the welfare of a child, and (2) the verdict sheet was improper in not listing the defense of justification. The justification defense is inapplicable to the

misdemeanor of endangering the welfare of a child. A comparison of the two applicable statutes reveals that under Penal Law § 260.10 (1), a person is guilty of endangering the welfare of a child when he "knowingly acts in a manner likely to be injurious to the physical, mental, or moral welfare of a * * * child". While under Penal Law § 35.10 (1), a parent is justified in the use of physical force, when "he reasonably believes it necessary to * * * promote the welfare of such person". If a parent knowingly acts in a manner injurious to a child's welfare, these acts cannot be justified because that parent reasonably believed them necessary to promote the welfare of that child. The infliction of physical injury upon a child is incompatible with the promotion of his physical welfare. Justification may, however, be asserted as a defense to the crime of assault and the trial court correctly instructed the jury to that effect.

The defendant's objection to the omission of the justification defense to the assault charge on the verdict sheet is without merit. The sheet was merely a list of the charges. Unlike the case of *People v Owens* (69 NY2d 585), it is clear that here there was no "risk that the jury [would] perceive the writing as embodying the more important instructions, inviting greater attention to the principles that [were] repeated in writing than those simply recited orally" *(People v Owens, supra,* at 591). There was no prejudice to the defendant in a mere listing of the charges.

We have considered the defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.