■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO VARELA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered December 21, 1987, convicting him of assault in the second degree, endangering the welfare of a child, and public lewdness, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we reject the defendant's contention that he was denied his statutory right to a speedy trial (see, CPL 30.30) or that, at the very least, a hearing should be held to resolve certain factual issues related to his motion to dismiss the indictment on speedy trial grounds (see, CPL 210.45). After subtracting the periods of delay attributable to the defendant's pretrial motions (see, CPL 30.30 [4] [a]; *People v Worley,* 66 NY2d 523), and the total delays resulting from adjournments consented to, or requested by, the defense (see, CPL 30.30 [4] [b]; *People v Meierdiercks,* 68 NY2d 613), the total time chargeable to the People is within the permitted six-calendar-month time limit (see, *People v Jones,* 105 AD2d 179, *affd* 66 NY2d 529; *People v Baker,* 131 AD2d 491).

The defendant next contends that the prosecution failed to meet its burden to disprove his justification defense beyond a reasonable doubt and on that basis the convictions of assault in the second degree and endangering the welfare of a child should be reversed and those counts of the indictment dismissed. The defense of justification is not applicable to the misdemeanor of endangering the welfare of a minor (see, *People v Fields,* 134 AD2d 365). With respect to the conviction of assault in the second degree, we conclude upon review of the evidence in the light most favorable to the People (see, *People v Contes,* 60 NY2d 620; *People v Rosado,* 123 AD2d 649), that the jury's determination finding that the defendant's conduct was not justified is supported by legally sufficient evidence. Moreover, upon the exercise of our factual

review power, we are satisfied that the weight of the evidence disproved the defense of justification beyond a reasonable doubt (CPL 470.15 [5]; *People v Rosado,* 129 AD2d 821). The credible facts reveal that after exposing his penis to a 10-year-old girl in a laundromat, the defendant was confronted by three unarmed youths who were angered by the incident. The defendant responded to the youths' angry accusations by denying he had done anything wrong and walking away. As the youths continued to follow the defendant, he broke into a run. The group caught up to him after a several block chase. At that point, one of the youths grabbed the defendant by the arm, telling him to stop. When the defendant tried to wrestle out of his grip, the youth pushed the defendant against a car. One of the other youths grabbed the defendant around his chest from behind. According to one of the youths, the defendant shouted "In the name of God, I'm going to kill you". The defendant then drew a knife from his back pocket and despite one of the youth's efforts to stop him, the defendant swung the arm in which he held the knife. Realizing the defendant had something in his hand, the youths backed away. Nevertheless, the defendant succeeded in cutting one youth across his face and stabbing another youth in his forearm.

Penal Law § 35.15 (1) permits the use of physical force "when and to the extent [the actor] *reasonably believes* such to be necessary to defend himself * * * from what he *reasonably believes* to be the use or imminent use of unlawful physical force" by another person (emphasis added). In the instant case, the youths were not armed, did not threaten to inflict serious physical injury, and, other than grabbing and pushing the defendant, did not physically strike him. Moreover, when the defendant began swinging his knife-wielding arm, the youths backed up. These facts strongly suggest that the defendant's act of attacking the youths with a knife was not reasonably justified by the circumstances and constituted an excessive use of force *(see, People v Henegan,* 150 AD2d 606; *People v Spencer,* 146 AD2d 817). Accordingly, the jury could have properly found that the defendant resorted to more force than was necessary to defend himself from his pursuers and could have rejected the theory that the defendant reasonably believed he had to resort to the use of such force to avert the perceived threat of the imminent use of physical force by the youths *(see, People v Goetz,* 68 NY2d 96; *see also, People v Rosado,* 129 AD2d 821, *supra; People v Rosado,* 123 AD2d 649, *supra).*

We have considered the defendant's remaining contentions

and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Harwood and Miller, JJ., concur.