■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN THOMAS, Appellant. [606 NYS2d 742] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered May 6, 1992, convicting him of assault in the second degree, robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant asserts that his conviction should be reversed because the prosecutor was allowed to elicit identification testimony which had been suppressed for lack of notice pursuant to CPL 710.30, and to comment upon that testimony in summation. His contention is unpreserved for appellate review because he failed to object to the witness's testimony or express dissatisfaction with the curative instructions given by the court in response to an objection during the prosecutor's summation (see, CPL 470.05 [2]; People v Campbell, 187 AD2d 442). In any event, while it was error for the trial court to allow the identification testimony without timely notice to the defense counsel pursuant to CPL 710.30, the error was harmless because two other eyewitnesses had identified the defendant as the perpetrator in pretrial lineups and in court, and their identification testimony was properly admitted in evidence (see, People v Harris, 80 NY2d 796).

Further, any error with regard to the court's failure to consult the defense counsel prior to responding to an oral inquiry by an individual juror is unpreserved for appellate review (see, CPL 470.05 [2]). We further note that the jury, after hearing the whole charge, " 'would have gathered from its language the correct rule to have been applied in arriving at its verdict' " (People v Walker, 104 AD2d 573, 574, quoting People v Canty, 60 NY2d 830, 832).

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]), and, in any event, are without merit. Ritter, J. P., Copertino, Pizzuto and Joy, JJ., concur.