OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted, after a jury trial, of second degree robbery. Defendant was with three companions when he was pointed out to police officers by the complainant, a cab driver, as the person who had robbed him shortly before. All four men were frisked but defendant’s companions were released. Two of defendant’s companions — his alibi witnesses at trial — followed defendant and the arresting officers to the station house. According to an alibi witness, the witnesses tried to inform police officers at the station house that defendant had been in their
 
 *1079
 
 company at a night club and, therefore, could not have committed any crime, but "no one would listen.” Two police officers disputed this testimony, claiming that the witnesses never attempted to provide any exculpatory information.
 

 Prior to the commencement of the defense case, the Trial Judge ruled that the People could question defendant’s alibi witnesses about an aborted meeting with the trial assistant. The witnesses had gone with defense counsel to inform the District Attorney that they had information that would exculpate defendant. However, the witnesses refused to speak with the trial assistant outside the presence of defense counsel. There was no representation that the condition set by the witnesses was at the request or instruction of defense counsel. Perceiving a conflict of interest, the trial assistant ended the meeting and asked the witnesses to return with their own counsel. They never did.
 

 On appeal, defendant contends that impeachment of his alibi witnesses for their failure to provide exculpatory information at the arrest scene, at the station house and at the aborted meeting was improper. Defendant’s contention must be measured against the rule articulated in
 
 People v Dawson
 
 (50 NY2d 311), in which this Court stated that a proper foundation may be laid for cross-examination of an alibi witness about his or her failure to come forward prior to trial by showing that the witness (i) was aware of the nature of the charge pending against the defendant; (ii) had reason to recognize that he or she possessed exculpatory information; (iii) had a reasonable motive for acting to exonerate the defendant; and (iv) was familiar with the means of making such information available to law enforcement authorities (50 NY2d, at 321, n 4).
 

 Defense counsel did not object on
 
 Dawson
 
 grounds to the questioning by the prosecutor regarding the witnesses’ silence at the arrest scene and at the station house, thus failing to preserve the issues for our review. A proper
 
 Dawson
 
 foundation was laid, however, for the cross-examination of defendant’s alibi witnesses concerning the third alleged opportunity they had to inform law enforcement authorities of defendant’s alibi, the aborted interview with the Assistant District Attorney, wherein the witnesses refused to speak with the trial assistant outside the presence of defense counsel.
 

 At this interview there was no representation made that defense counsel had directed the witnesses not to speak with the trial assistant unless she was present
 
 (see, Dawson, supra,
 
 50 NY2d, at 323). The witnesses testified that they chose not to
 
 *1080
 
 speak with the assistant because they did not feel comfortable. That there may be an explanation for the failure to come forward is not a reason to exclude questioning on the subject, provided a proper foundation has been laid
 
 (see, Dawson, supra,
 
 50 NY2d, at 322). "As is true in any instance in which impeachment evidence is offered, the trier of fact may reasonably be expected to weigh the available information and determine for itself whether the witness’ trial testimony is consistent with his prior behavior and assertions”
 
 (id.).
 
 Thus, the witnesses’ actions were adequately explained to the jury. Moreover, the Trial Judge provided the appropriate limiting instructions with regard to the impeachment value of the witnesses’ failure to come forward before trial
 
 (see, id.,
 
 at 322) and defense counsel did not object to these instructions.
 

 The Court has examined defendant’s remaining contentions and finds them to be without merit.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.