■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CALLAHAN, Appellant. [664 NYS2d 731] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 28, 1983 (*People v Callahan*, 92 AD2d 1089), affirming a judgment of the County Court, Westchester County, rendered June 12, 1981.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes*, 463 US 745). Mangano, P. J., Bracken, Rosenblatt and O'Brien, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH CHURCH-FORD, Appellant. [664 NYS2d 731] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered February 27, 1995, convicting him of manslaughter in the second degree and operating a motor vehicle while under the influence of alcohol, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

This case arises from a vehicular accident which occurred in the early morning hours of June 18, 1994. After a hearing pursuant to *People v Sandoval* (34 NY2d 371), the trial court ruled, *inter alia*, that if the defendant elected to take the stand, the prosecutor would be permitted to question him about his previous traffic infractions and offenses in order to impeach his credibility. The defendant did not testify in his own defense.

On appeal the defendant contends, *inter alia*, that the court's *Sandoval* ruling with respect to his prior driving record was erroneous. Although we agree that this portion of the court's *Sandoval* ruling was clearly improper (*see, People v Sandoval*, *supra*, at 377), there is, nevertheless, overwhelming proof of the defendant's guilt, and nothing in the record suggests any significant probability that the jury would have acquitted the defendant had it not been for the error. Accordingly, the error was harmless (*see, People v Williams*, 56 NY2d 236; *People v Shields*, 46 NY2d 764; *People v Crimmins*, 36 NY2d 230; *People v Jones*, 220 AD2d 251; *People v Eady*, 227 AD2d 927).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Rosenblatt, Santucci and Joy, JJ., concur.