THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY ELMORE, Appellant. [855 NYS2d 556]—

The defendant's contention that the evidence was legally insufficient to establish that he acted in concert with his codefendants is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), there existed a "valid line of reasoning and permissible inferences [which] could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Hines,* 97 NY2d 56, 62 [2001] [internal quotation marks omitted]; *see People v Coulter,* 240 AD2d 756 [1997]; *People v Roldan,* 211 AD2d 366 [1995], *affd* 88 NY2d 826 [1996]; *People v Slack,* 163 AD2d 130, 130-131 [1990]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that he was denied the effective assistance of counsel is without merit. A review of the circumstances in totality reveals that the defendant was afforded meaningful representation (*see People v Henry,* 95 NY2d 563, 565 [2000]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Daniels,* 35 AD3d 495, 496 [2006]; *People v Hill,* 163 AD2d 813, 814 [1990]; *People v Blanco,* 162 AD2d 540, 543 [1990]). Con-

trary to the defendant's argument, defense counsel sought, albeit unsuccessfully, to exclude from evidence the razor that was recovered from the defendant at the time of his arrest, three days after the alleged crime, as inadmissible evidence of an uncharged crime pursuant to *People v Ventimiglia* (52 NY2d 350 [1981]). Contrary to the defendant's further contention, the failure to make a meritless suppression motion pursuant to *Mapp v Ohio* (367 US 643 [1961]) does not constitute the ineffective assistance of counsel (*see People v Caban*, 5 NY3d 143, 152-153 [2005]; *People v Daniels*, 35 AD3d 495, 496 [2006]). Since the property in question was recovered from the defendant when he was arrested for a separate crime, as to which the defendant pleaded guilty, a motion to suppress the physical evidence on the ground that the defendant had been arrested at that time without probable cause would have been unsuccessful (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Spolzino, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.