◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON MADRID, Appellant. [859 NYS2d 715]—Appeal by the defendant from a judgment of the County Court, Nassau County (LaPera, J.), rendered April 5, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Oates,* 33 AD3d 823 [2006]; *People v Jones,* 309 AD2d 819, 819-820 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Chambers,* 18 AD3d 571, 572 [2005]; *People v Palacios,* 302 AD2d 540, 541 [2003]).

The defendant claims, in his supplemental pro se brief, that the trial court erred in admitting into evidence a recording of a 911 telephone call to police, on the ground that the recording was substantially inaudible. This contention is without merit (*see People v Daley,* 31 AD3d 661, 662 [2006]). Further, the trial court properly admitted into evidence an autopsy photograph to prove intent, which was a material element of the murder charge of which the defendant was ultimately convicted (*see*

*People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]; *People v Louisias*, 29 AD3d 1017, 1020 [2006]; *People v Morel*, 297 AD2d 757 [2002]; *People v Collic*, 285 AD2d 514, 515 [2001]).

The defendant's contention, raised in his supplemental pro se brief, that the trial court gave an unbalanced interested witness charge by failing to charge that the People's witnesses were interested, after charging that the defendant was an interested witness, is without merit (*see People v Dees*, 45 AD3d 602, 603 [2007], *lv denied* 9 NY3d 1032 [2008]; *People v Lopez*, 1 AD3d 458, 459 [2003]; *People v McCray*, 204 AD2d 490, 491 [1994]).

To the extent that the defendant's claims of ineffective assistance of counsel involve matter dehors the record, such as defense counsel's failure to adequately prepare an expert witness, they may not be reviewed on direct appeal (*see People v Gillespie*, 36 AD3d 626, 627 [2007]). Insofar as we are able to review the defendant's claims, defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 146-147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Miller, J.P., Dillon, Balkin and Chambers, JJ., concur.