■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TRINIDAD, Appellant. [868 NYS2d 61]—

The prosecutor cross-examined a defense witness about his failure to mention his exculpatory version of the incident to other civilians at the scene who were accusing defendant of misconduct. Defendant's claim that this impeachment required the prosecutor to lay a foundation pursuant to *People v Dawson* (50 NY2d 311 [1980]) is unpreserved (see *People v Miller*, 89 NY2d 1077 [1997]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. *Dawson* concerns the impeachment of witnesses by their failure to report exculpatory alibi information to law enforcement authorities, and there is nothing in *Dawson* or its rationale to suggest that it should be applied to a witness's contacts with other civilians. To the extent defendant is arguing that the cross-examination of this witness or the prosecutor's summation asserted that the witness subsequently failed to bring his exculpatory information to the attention of law enforcement, defendant's claims are unsupported by the record.

We have considered and rejected defendant's remaining arguments, including those related to the court's jury charge. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.