■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLEY MILLER, Appellant. [873 NYS2d 154]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered March 7, 2005, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence, insofar as it relates to the People's alleged failure to prove her larcenous intent, is unpreserved for appellate review, since she failed to raise that specific contention at trial (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484 [2008]; *People v Bynum,* 70 NY2d 858, 859 [1987]; *People v Middleton,* 52 AD3d 533 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that she was denied a fair trial by certain remarks made by the prosecutor during his opening statement and summation, as well as by the People's introduction of certain documents into evidence, and the elicitation of certain testimony, is unpreserved for appellate review. The defendant failed to object to the introduction of the challenged evidence (*see* CPL 470.05 [2]; *People v Beauliere,* 36 AD3d 623 [2007]), and she either failed to object to the challenged remarks, made only a general objection, or made an untimely specific objection (*see* CPL 470.05 [2]; *People v Williams,* 50 AD3d 710, 711 [2008]; *People v Ortiz,* 46 AD3d 580, 581 [2007]; *People v Morris,* 148 AD2d 552, 553 [1989]). In any event, to the extent that some of the evidence and remarks may have been improper, such evidence and remarks were harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that they contributed to her conviction (*see People v Lacewell,* 44 AD3d 876, 877 [2007]). Angiolillo, J.P., Leventhal, Belen and Chambers, JJ., concur.