■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRKLAND WRIGHT, Appellant. [878 NYS2d 788]— ·

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered October 10, 2006, convicting him of attempted robbery in the first degree (two counts), attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the charges of which he was convicted is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), there existed a "valid line of reasoning and permissible inferences [which] could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Elmore,* 49 AD3d 778, 778 [2008] [internal quotation marks omitted]; *see People v Williams,* 84 NY2d 925, 926 [1994]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson,* 9 NY3d 342, 348 [2007]; *People v Romero,* 7 NY3d 633, 642-643 [2006]).

The defendant's argument that certain questions posed by the prosecutor to defense witnesses were improper inasmuch as they were designed to elicit irrelevant evidence is unpreserved for appellate review because the defendant either failed to object, or upon having his objection sustained, failed to seek further relief (*see* CPL 470.05 [2]; *People v Jones,* 46 AD3d 840 [2007]; *People v Billups,* 41 AD3d 492, 493 [2007]). In any event, to the extent that the questions were improper, the prosecutor's misconduct was "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte,* 23 AD3d 392, 394 [2005]; *see People v Kadry,* 30 AD3d 440 [2006]; *People v Peterson,* 186

AD2d 231, 232-233 [1992]; *cf. People v Liverpool,* 35 AD3d 506 [2006]; *People v Brown,* 30 AD3d 609, 610 [2006]; *People v Walters,* 251 AD2d 433, 434-435 [1998]). Accordingly, reversal is not warranted on this ground (*see People v White,* 196 AD2d 641 [1993]; *People v Morales,* 168 AD2d 85, 90 [1991]; *People v Roopchand,* 107 AD2d 35, 36 [1985], *affd* 65 NY2d 837 [1985]).

Contrary to the defendant's contention, the People laid the proper foundation prior to questioning his alibi witness with respect to her delay in coming forward with exculpatory evidence (*see People v Miller,* 89 NY2d 1077, 1079 [1997]; *People v Dawson,* 50 NY2d 311, 321 [1980]; *People v Stokes,* 282 AD2d 553 [2001]). The alibi witness testified that she met with the defendant in January 2006 and at that time he informed her of his arrest as to the instant offenses. The People's subsequent questioning was limited to the witness's delay in coming forward from January 2006 through April 2006. Thus, the People properly established that the alibi witness was aware of the nature of the charges pending against the defendant during the period of delay about which the witness was questioned (*see People v Miller,* 89 NY2d at 1079; *People v Dawson,* 50 NY2d at 321; *People v Stokes,* 282 AD2d at 553).

The defendant's argument that it was error to admit into evidence the written confession of the codefendant, who testified at the defendant's trial, as the confession constituted a prior consistent statement, is unpreserved for appellate review because defense counsel did not object to the document's introduction into evidence (*see* CPL 470.05 [2]). In any event, the statement was properly admitted. Defense counsel created the inference that the codefendant's testimony implicating the defendant in the instant offense was "a recent fabrication," made to obtain a specific plea agreement (*People v McClean,* 69 NY2d 426, 428 [1987]). Because the motive to obtain this agreement was not present at the time that the codefendant's written statement was made, the prior consistent statement was properly admitted into evidence to aid in establishing the codefendant's credibility (*id.; see People v Baker,* 23 NY2d 307, 322 [1968]; *People v Yarbough,* 229 AD2d 605, 606 [1996]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dillon, Leventhal and Chambers, JJ., concur.