■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYDNEY SAMPSON, Appellant. [890 NYS2d 557]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered December 5, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Eng, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his supplemental pro se brief, that a statement elicited from him by police detectives should have been suppressed because he had not received *Miranda* warnings (*see Miranda v Arizona,* 384 US 436, 444-445 [1966]) while he was in custody, is without merit. We agree with the finding of the hearing court, which is entitled to great deference, that the defendant was not in custody when he gave his exculpatory statement to the detectives (*see People v Yukl,* 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Brown,* 44 AD3d 966 [2007]; *People v Dillhunt,* 41 AD3d 216, 216-217 [2007]).

The defendant's contention that reversal of his conviction is required based on the prosecutor's alleged improper comments in his opening statement is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Stiff,* 60 AD3d 1094 [2009]; *People v Miller,* 59 AD3d 463, 464 [2009]) and, in any event, is without merit (*see People v Sayers,* 64 AD3d 728, 732-733 [2009]; *People v Stiff,* 60 AD3d at 1094).

The defendant's further contention, raised in his supplemental pro se brief, that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review, as his defense counsel merely made a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that

it was legally sufficient to establish his guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe their demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant next challenges the photographic evidence admitted during the trial in chief. It is settled law that photographic evidence "should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner,* 32 NY2d 356, 370 [1973], *cert denied* 416 US 905 [1974]; *see People v Stevens,* 76 NY2d 833, 835 [1990]). The admissibility of photographs, even if gruesome in nature, is a matter committed to the sound discretion of the trial court, if it tends "to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered" (*People v Wood,* 79 NY2d 958, 960 [1992]; *see People v Stevens,* 76 NY2d at 835; *People v Pobliner,* 32 NY2d at 369; *People v Dickerson,* 42 AD3d 228, 237 [2007]; *People v Diaz,* 35 AD3d 226, 227 [2006]). The photographs in this case were not offered for the sole purpose of arosing the emotions of the jurors.

The defendant contends that he was deprived of a fair trial by certain remarks made by the prosecutor during his summation, inter alia, appealing for sympathy for the deceased (*see People v Brown,* 26 AD3d 392, 393 [2006]; *People v Bhupsingh,* 297 AD2d 386, 388 [2002]; *People v Walters,* 251 AD2d 433, 434 [1998]), and attempting to shift the burden of proof (*see People v Jamal,* 307 AD2d 267, 268 [2003]; *cf. People v Edwards,* 38 AD3d 1133, 1134 [2007]; *People v Warren,* 27 AD3d 496, 498 [2006]). However, any errors with respect to the prosecutor's comments were harmless, as there was overwhelming proof of the defendant's guilt, and there was no significant probability that the remarks contributed to the defendant's conviction (*see People v Crimmins,* 36 NY2d 230, 237 [1975]; *People v Miller,* 59 AD3d 463, 464 [2009]; *People v Lacewell,* 44 AD3d 876, 877 [2007]).

The defendant was afforded the effective assistance of trial counsel (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v*

*Stultz,* 2 NY3d 277, 283-284 [2004]; *People v Benevento,* 91 NY2d 708, 713-714 [1998]; *People v Holmes,* 47 AD3d 946, 947 [2008]).

The defendant's contentions regarding the admission of a photocopy of a photograph and the alleged failure to provide *Rosario* material (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), raised for the first time on appeal in his supplemental pro se brief, are based on matter dehors the record, and cannot be reviewed on this direct appeal from the judgment (*see People v Jackson,* 41 AD3d 498, 500 [2007]).

The defendant's contentions, raised in his supplemental pro se brief, concerning the admission of evidence that he possessed guns prior to the murder, the alleged insufficiency of the evidence presented to the grand jury, and that the testimony of his wife was subject to the marital privilege, are without merit.

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Fisher, J.P., Covello, Santucci and Balkin, JJ., concur.