■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY JEAN-LOUIS, Appellant. [905 NYS2d 615]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered January 9, 2008, convicting him of resisting arrest and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his case was properly transferred from Criminal Court to the Domestic Violence part of the Supreme Court for trial under a misdemeanor information (*see People v Correa*, 15 NY3d 213 [2010]).

"The nature and extent of cross-examination have always been subject to the sound discretion of the trial judge" (*People v Springer*, 13 AD3d 657, 658 [2004]; *see People v Sandoval*, 34 NY2d 371, 374 [1974]). Contrary to the defendant's contention, in fashioning its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), the trial court "struck an appropriate balance between the probative value of the defendant's prior crimes and the possible prejudice to the defendant" (*People v Townsend*, 70 AD3d 982, 982 [2010]; *see People v Sandoval*, 34 NY2d 371 [1974]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The trial court also ruled, pursuant to *People v Molineux* (168 NY 264 [1901]), that evidence that the defendant punched a traffic officer in .an unrelated incident would be permissible to show intent for the purpose of proving that he resisted arrest (*see* Penal Law § 205.30). We agree with the defendant that the evidence was not probative as to whether he intended to resist arrest and, therefore, should not. have been ruled admissible (*see People v Vargas*, 88 NY2d 856, 858 [1996]). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.