■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN AGUILAR, Appellant. [912 NYS2d 676]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered July 29, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"The admissibility of photographs, even if gruesome in nature, is a matter committed to the sound discretion of the trial court, if it tends 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered' " (*People v Sampson*, 67 AD3d 1031, 1032 [2009], quoting *People v Wood*, 79 NY2d 958, 960 [1992] [internal quotation marks omitted]; *see People v Pobliner*, 32 NY2d 356, 369 [1973], *cert denied* 416 US 905 [1974]). "[P]hotographic evidence 'should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant' " (*People v Sampson*, 67 AD3d at 1032, quoting *People v Pobliner*, 32 NY2d at 370). The photographs in this case were not offered for the sole purpose of arousing the emotions of the jury. Therefore, the Supreme Court providently exercised its discretion in admitting them into evidence (*see People v Sampson*, 67 AD3d at 1032).

The defendant's challenge to the admission of expert testimony regarding the customs and practices of Mexican-American gangs is without merit. The testimony was relevant to the issue of the defendant's motive, and was necessary as background to explain to the jury the sequence of events (*see People v Scott*, 70 AD3d 977 [2010]; *People v Flores*, 46 AD3d 570, 571 [2007]; *People v Cruz*, 46 AD3d 567, 568 [2007]).

The defendant's claims regarding the prosecutor's cross-examination of a police witness are unpreserved for appellate review because he failed to raise a specific objection that the prosecutor's questions were beyond the bounds of the Supreme Court's evidentiary rulings (*see* CPL 470.05 [2]; *People v Wright*, 62 AD3d 916, 917 [2009]; *People v Gill*, 54 AD3d 965 [2008]; *People v Thomas*, 200 AD2d 642 [1994]).

The defendant's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.