■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBBIE DOLBERRY, Appellant. [944 NYS2d 924]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (D'Emic, J.), imposed October 13, 2010, which, upon his conviction of arson in the second degree, upon a jury verdict, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on January 2, 2002.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, his resentencing to a term which included the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law, since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (*see People v Lingle*, 16 NY3d 621, 630, 632 [2011]; *People v Louis*, 90 AD3d 1075 [2011]; *People v Mills*, 90 AD3d 1076 [2011]; *People v Dawkins*, 87 AD3d 550 [2011]; *People v Harris*, 86 AD3d 543, 543-544 [2011]).

The defendant's remaining contention is without merit (*see People v Lingle*, 16 NY3d at 635; *People v Edwards*, 89 AD3d 1034, 1035 [2011]). Rivera, J.P., Chambers, Roman and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL GOODWIN, Appellant. [944 NYS2d 901]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered August 13, 2009, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt (*see People v Jean-Louis*, 74 AD3d 1093 [2010]), and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.