Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Lorenzo, J.), rendered May 25, 2011, convicting him of driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs and leaving the scene of an incident without reporting, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, there was probable cause for his arrest based on the totality of the circumstances, which included, inter alia, the police officers’ observations of the defendant driving on a blown-out tire and swerving, their observations of the defendant sweating profusely and his bloodshot eyes, their detection of alcohol on his breath, the defendant’s failure of a field sobriety test, and an eyewitness’s report that the defendant’s vehicle hit his parked vehicle (see People v Mojica, 62 AD3d 100, 114 [2009]; People v Soalzo, 176 AD2d 363 [1991]). Accordingly, the hearing court properly denied those branches of the defendant’s omnibus motion which were to suppress physical evidence and his statements to law enforcement officials on the ground that his arrest was made without probable cause.
The trial court’s Sandoval ruling (see People v Sandoval, 34 NY2d 371 [1974]) was error insofar as it permitted the prosecutor to question the defendant, who testified at trial, as to a prior conviction for driving while intoxicated. The court permitted the prosecutor to question the defendant about that conviction *756 while precluding the prosecutor from questioning him about other convictions that were less similar to the instant offense and more probative on the issue of the defendant’s credibility (see People v Jones, 70 AD3d 1253 [2010]). Accordingly, under the circumstances of this case, the court failed to appropriately balance the probative value of the defendant’s prior crimes on the issue of his credibility and the possible prejudice to the defendant, and reach an appropriate compromise ruling (see People v Dickman, 42 NY2d 294, 297-298 [1977]; People v Church-Ford, 242 AD2d 579 [1997]; cf. People v Allan, 41 AD3d 727 [2007]). Nevertheless, the error was harmless, as there was overwhelming evidence of the defendant’s guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230 [1975]; People v Goodwin, 95 AD3d 1357 [2012]; People v Jean-Louis, 74 AD3d 1093 [2010]; People v Church-Ford, 242 AD2d at 579).
The defendant’s challenge to the admission of evidence concerning his inability to produce a urine sample for a chemical test is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. The defendant’s further contention that the trial court failed to properly respond to a jury note regarding that evidence is also without merit (see People v Almodovar, 62 NY2d 126, 131-132 [1984]).
The defendant’s contention that he was deprived of the effective assistance of counsel is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (see People v Smith, 98 AD3d 533, 535 [2012]; People v Alburg, 96 AD3d 771 [2012]). Skelos, J.P., Dillon, Hall and Miller, JJ., concur.