■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR RILEY, Appellant. [959 NYS2d 451]—Appeal by the defendant from a resentence of the Supreme Court, Kings County (Gerges, J.), imposed July 15, 2009, upon his conviction of course of sexual conduct in the first degree, upon a jury verdict, the resentence being a period of postrelease supervision in addition to a determinate term of imprisonment previously imposed on October 6, 1999.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, his resentencing to a term which included the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (*see People v Lingle*, 16 NY3d 621, 630 [2011]; *People v Dolberry*, 95 AD3d 1357 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]).

The period of postrelease supervision imposed by the Supreme Court upon the defendant's resentence was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, raised in his pro se

supplemental brief, are without merit. Mastro, J.P., Skelos, Leventhal and Chambers, JJ., concur.