■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VELILLA, Appellant. [960 NYS2d 731]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed June 7, 2011, which, upon his conviction of robbery in the first degree (two counts), upon a jury verdict, imposed a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on March 1, 2000.

Ordered that the resentence is affirmed.

Contrary to the defendant's contention, his resentencing to a term which included the statutorily required period of postrelease supervision did not subject him to double jeopardy or violate his right to due process of law, since, at the time he was resentenced, he had not yet completed the sentence of imprisonment originally imposed upon him (*see People v Lingle*, 16 NY3d 621, 630 [2011]; *People v Dolberry*, 95 AD3d 1357 [2012]; *People v Dawkins*, 87 AD3d 550 [2011]). Rivera, J.P., Angiolillo, Chambers and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD WHITE, Appellant. [960 NYS2d 656]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated April 26, 1993 (*People v White*, 192 AD2d 736 [1993]), affirming a judgment of the Supreme Court, Kings County, rendered November 13, 1990.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.