■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO COSTELLO, Appellant. [9 NYS3d 132]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered May 30, 2012, convicting him of burglary in the second degree and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant did not waive his challenge to the admission of a video recording purportedly showing him attempting to exit an apartment building where he had just committed a burglary, and the issue is preserved for appellate review (see CPL 470.05 [2]).

The defendant contends that the Supreme Court improperly admitted into evidence the video recording from the building's security camera because it was not sufficiently authenticated and exhibited a date other than the date of the burglary. This contention is without merit. The video recording was sufficiently authenticated with the testimony of a part-time superintendent who maintained the building and was familiar with the operation of the building's video recording surveillance system, as well as the testimony of a detective who obtained a copy of the video recording and vouchered it (see People v Patterson, 93 NY2d 80, 84 [1999]). Further, under the circumstances presented, the discrepancy between the date of the burglary and the date stamped on the video recording went to the weight of the evidence, not its admissibility (see People v McGee, 49 NY2d 48, 60 [1979]). Accordingly, the Supreme Court did not improvidently exercise its discretion in admitting the video recording.

The defendant's contention, raised in point I of his pro se supplemental brief, that the evidence was legally insufficient to support his convictions, is only partially preserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon exercising our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]).

The defendant's contention, raised for the first time on appeal in point II of his pro se supplemental brief, is based on matter dehors the record, and cannot be reviewed on this direct appeal from the judgment (*see People v Sampson*, 67 AD3d 1031, 1033 [2009]; *People v Jackson*, 41 AD3d 498, 500 [2007]). Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.