The People of the State of New York, Respondent, v Charles Creekmur, Appellant. [27 NYS3d 268]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered September 17, 2014, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see generally People v Suphal*, 7 AD3d 547 [2004]; *People v Velez*, 1 AD3d 290 [2003]; *People v Centeno*, 291 AD2d 265 [2002]; *People v Torres*, 182 AD2d 788 [1992]; *People v Varela*, 164 AD2d 924 [1990]; *People v Rosado*, 123 AD2d 649 [1986]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's argument that certain questions posed by the prosecutor during the direct examination of one of the People's witnesses and during the cross-examination of the defendant were improper is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Aguilar*, 79 AD3d 899 [2010]; *People v Wright*, 62 AD3d 916 [2009]). In any event, to the extent that the prosecutor's questions were improper, the prosecutor's misconduct was "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Wright*, 62 AD3d at 917 [internal quotation marks omitted]; *see People v Credle*, 124 AD3d 792 [2015]; *People v Aguilar*, 79 AD3d 899 [2010]).

Similarly, the defendant's contentions that the Supreme Court improperly failed to conduct a hearing to determine the amount of restitution, and improperly failed to consider the defendant's ability to pay restitution, are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Winslow*, 100 AD3d 1031 [2012]; *People v Isaacs*, 71 AD3d 1161 [2010]; *People v Golgoski*, 40 AD3d 1138 [2007]), and, in any event, without merit (*see People v Baxter*, 102 AD3d 805 [2013]; *People v Harris*, 72 AD3d 1110 [2010]; *People v Baez*, 52 AD3d 840 [2008]; *People v Madrid*, 52 AD3d 532 [2008]). Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.