■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODY BORGELLA, Appellant. [41 NYS3d 736]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 3, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court erred, in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]), in permitting the People to elicit testimony from the defendant regarding a comment posted on his Facebook page, since the comment was not probative of the defendant's credibility (*see People v Anderson*, 130 AD3d 1055, 1056 [2015], *lv granted* 26 NY3d 1142 [2016]; *see generally People v Duffy*, 36 NY2d 258, 262 [1975]). The Supreme Court further erred in permitting the People to elicit testimony from certain witnesses regarding the defendant's alleged gang affiliation and involvement in a prior violent incident. Contrary to the People's contention and the Supreme Court's conclusion, the defendant did not introduce evidence that could properly be construed as character evidence and, thus, it was improper to permit the People to elicit evidence as to the defendant's alleged prior bad acts on that basis (*see People v Kuss*, 32 NY2d 436, 443 [1973]; *People v Maier*, 77 AD3d 681, 683 [2010]; *People v Jones*, 278 AD2d 246, 247-248 [2000]). In addition, the Supreme Court improperly modified its *Sandoval* ruling by permitting the prosecutor to question the defendant regarding his alleged gang affiliation and the prior violent incident, as the defendant did not "open the door" to the otherwise precluded evidence (*see People v Wongsam*, 105 AD3d 980, 981 [2013]; *People v Seabrooks*, 82 AD3d 1130, 1131 [2011]). Nevertheless, these errors were harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the errors contributed to his convictions (*see People v Kucmierowski*, 103 AD3d 755, 756 [2013]; *People v Jean-Louis*, 74 AD3d 1093 [2010]; *People v Duggins*, 1 AD3d 450, 451 [2003], *affd* 3 NY3d 522 [2004]). Moreover, the errors, considered singularly and cumulatively, did not deprive the defendant of a fair trial.

Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in admitting a photograph of the decedent since the photograph was not offered solely to arouse the emotions of the jury and to prejudice

the defendant, but, rather, to illustrate other relevant evidence pertaining to the defendant's justification defense (*see People v Aguilar*, 79 AD3d 899, 900 [2010]; *People v Sampson*, 67 AD3d 1031, 1032 [2009]). Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.

