People v Michel (2018 NY Slip Op 00850)





People v Michel


2018 NY Slip Op 00850


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2014-06091
 (Ind. No. 8459/13)

[*1]The People of the State of New York, respondent,
v
Jean Michel, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Camille O'Hara Gillespie, and Sullivan & Cromwell LLP [Aaron J. Gold], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Guidice, J.), rendered June 12, 2014, convicting him of aggravated criminal contempt, criminal contempt in the first degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in permitting the People to elicit evidence of prior incidents of domestic violence between the defendant and the victim (see People v Molineux, 168 NY 264). The evidence was relevant and probative on the issue of motive, and it provided necessary background material to enable the jury to understand the defendant's relationship with the victim and to explain the issuance of two orders of protection (see People v Walters, 127 AD3d 889; People v Sanchez, 73 AD3d 1093, 1094; People v Timmons, 54 AD3d 883, 885; People v Beriguete, 51 AD3d 939, 940). In addition, at the conclusion of the victim's testimony the court gave a limiting instruction that the evidence was to be considered only for limited purposes, and the jury instruction also reminded the jury that it could not convict the defendant simply because he had committed similar acts in the past (see People v Womack, 143 AD3d 1171, 1174). Although the court's charge improperly referenced the defendant's prior convictions, the instruction, in its entirety, did not deprive the defendant of a fair trial (see People v Medina, 18 NY3d 98, 104).
The defendant failed to preserve for appellate review his contention regarding the legal sufficiency of the evidence supporting his convictions for aggravated criminal contempt and assault in the third degree (see CPL 470.05[2]; People v Miller, 59 AD3d 463, 464). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court